IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROBERT BRANDON, CHARLES T. BURD,
WILLIAM S. TROUTMAN, JOLENE HARRIS,
SHANE MAYFIELD, ANDREA MARTIN,
THOMAS PORTER and HASEN DESIGN
BUILD & DEVELOPMENT, INC.,
individually and on behalf of others
similarly situated,

                Plaintiffs,

v.                                      CIVIL ACTION NO.   3:13-20976

FORD MOTOR COMPANY,

                Defendant.

**ORDER**

This case was consolidated with *Belville v. Ford Motor Co.*, 3:13-6529, and *Smith v. Ford Motor Co.*, 3:13-14207, for pretrial purposes, as the actions involve common questions of fact. The Court designated *Belville v. Ford Motor Co.*, as the lead case. Ford filed substantially similar motions to dismiss in all three cases. On this day, the Court issued a Memorandum Opinion and Order in *Belville*, which granted, in part, and denied, in part, Ford's motion. For the reasons fully set forth in that Memorandum Opinion and Order, the Court finds it applies with equal force in this matter.

Therefore, for the reasons stated in *Belville*, the Court **DENIES** Ford's motion to dismiss for failure to adequately allege a defect; **GRANTS** Ford's motion to dismiss the warranty claims of those Plaintiffs who have not experienced a sudden unintended acceleration; **DENIES**

Ford's motion to dismiss for failure to state a claim as to the warranty claims of those Plaintiffs who have experienced a sudden unintended acceleration;[1] **DENIES WITHOUT PREJUDICE** Ford's motion to dismiss Plaintiffs' request for injunctive relief pursuant to the primary jurisdiction doctrine; and **GRANTS** Ford's motion to dismiss Plaintiffs' fraud and fraudulent concealment claims under Rule 9(b) of the Federal Rules of Civil Procedure, and declines to extend the statute of limitations on the basis of fraudulent concealment.[2]

---

[1] Three of the eight Plaintiffs in this case allege they experienced a sudden unintended acceleration. These include: Charles T. Burd of West Virginia; Shane Mayfield of Louisiana; and Andrea Martin of South Carolina.

[2] Ford specifically argues the following counts are barred by the statute of limitations:

> 5. Violation of Kentucky Consumer Protection Act claim of William S. Troutman;
>
> 6. Breach of Express Warranty claim of William S. Troutman under Kentucky law;
>
> 7. Breach of Implied Warranty of Merchantability claim of William S. Troutman under Kentucky law;
>
> 8. Fraudulent Concealment claim of William S. Troutman under Kentucky law;
>
> 9. Unjust Enrichment claim of William S. Troutman under Kentucky law;
>
> 10. Violation of the Louisiana Products Liability Act claim of Jolene Harris and Shane Mayfield;
>
> 12. Unfair Trade Practices and Consumer Protection Law claim of Jolene Harris and Shane Mayfield;
>
> 18. Violation of the South Carolina Regulation of Manufacturers, Distributers, and Dealers Act claim of Andrea Martin and Thomas Peter;
>
> 19. Violation of the Texas Deceptive Trade Practices Act of Hasen Design Build & Development, Inc.; and

Ford does raise an additional argument in this case that was raised in *Smith*, but not raised in *Belville*. Like *Smith*, Ford argues that some of Plaintiffs' claims must be dismissed because Plaintiffs failed to provide Ford pre-suit notice and an opportunity to correct the alleged problems without court intervention. In *Smith*, the Court denied the motion without prejudice because the issue was not adequately briefed. In this case, the parties have briefed the arguments more completely, but the Court finds it would be better to resolve the pre-suit issues in this case at the same time it resolves the pre-suit issues in *Smith*. Accordingly, as in *Smith*, the Court **DENIES** Ford's argument **WITHOUT PREJUDICE**.[3]

Accordingly, for the foregoing reasons, the Court **GRANTS, in part,** and **DENIES, in part**, Ford's Motion to Dismiss. ECF No. 13. The Court will enter an Order with respect to further scheduling of the remaining matters in this case in the near future.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

                ENTER:      March 31, 2014

                */s/ Robert C. Chambers*
                ROBERT C. CHAMBERS, CHIEF JUDGE

---

    21. Unjust Enrichment claim of Hasen Design Build & Development, Inc. under Texas law.

[3] Unlike *Belville* and *Smith*, Ford did not argue in this case to dismiss the unjust enrichment claims of any Plaintiff who purchased a used vehicle.